United States District Court
Southern District of Texas
FILED

OCT 0 8 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

GLADYS E. ORTIZ and § 
MARIA MAGDALENA ORTIZ § 
§ 
VS. §     Case No. B - 03 - 1 78 '
§ 
§ 
NATIONAL FINANCIAL SYSTEMS, INC. § 

## DEFENDANT NATIONAL FINANCIAL SYSTEMS, INC.'S NOTICE OF REMOVAL

Defendant, National Financial Systems, Inc., a New York Corporation files this Notice of

Removal of Cause No. 2003-08-4327-C, styled *Gladys E. Ortiz and Maria Magdalena Ortiz v.*

*National Financial Systems, Inc.*, from the 197th Judicial District Court of Cameron County, Texas,

to the United States District Court for the Southern District of Texas, Brownsville Division as

follows:

### A. Background and Facts

1.      On August 28, 2003, Plaintiffs Galdys E. Ortiz and Maria Magdalena Ortiz

("Plaintiffs") filed their Original Petition ("Petition") against National Financial Systems, Inc.

("National"), in the 197th Judicial District Court of Cameron County, Texas. A true and correct copy

of Plaintiffs' Petition is attached and incorporated as Exhibit "A." National filed its answer

("National's Answer") on September 24, 2003. A true and correct copy of National's Answer is

attached hereto as Exhibit "B."[1] A copy of the state court docket sheet is attached hereto as Exhibit

"C."

2.      National was served with notice of the suit on September 8, 2003. Accordingly,

---

[1] Plaintiffs' Petition and National's Answer were filed in the state court action along with a set of
discovery, specifically, Plaintiffs' Request for Disclosure, Interrogatories, and Request for Production. However,
Plaintiffs discovery pleadings are not attached pursuant to LR 81.

National filed this notice or removal within the 30-day time period required by 28 U.S.C. §1446(b).

## B.  Basis for Removal

### Federal Question

3.      This cause is removable based on federal question jurisdiction.  Plaintiffs allege that National violated a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  *See* Plaintiffs' Petition, paragraphs 20-24.  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1441(b) because Plaintiff has asserted claims arising under the laws of the United States.

4.      National is the only Defendant made a part of this action.

5.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

6.      National will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

WHEREFORE, National gives notices that Cause No. 2003-08-4327-C, in the 197th Judicial District Court of Cameron County, Texas, is hereby removed from the State Court to the United States District Court for the Southern District of Texas, Brownsville Division, and National prays for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

DAW & RAY
A Professional Corporation

By: _____
      Keith Wier; SBN: 21436100
      Mark L. Lester; SBN: 24027447
      Coastal Banc Plaza
      5718 Westheimer, Suite 1750
      Houston, Texas  77057
      (713) 266-3121 Telephone
      (713) 266-3188 Facsimile

**ATTORNEYS FOR DEFENDANT, NATIONAL FINANCIAL SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via facsimile, and/or by certified mail, return receipt requested on this the 2nd day of October, 2003 as follows:

Manuel H. Newburger
BARRON & NEWBURGER, P.C.
1212 Guadalupe, Suite 104
Austin, Texas  78701-1938

Dan Whitworth
John Ventura
LAW OFFICES OF JOHN VENTURA, P.C.
62 East Price Road
Brownsville, Texas  78521

_____
Keith Wier/Mark L. Lester

## INDEX OF EXHIBITS

Exhibit "A" -   Plaintiffs' Original Petition

Exhibit "B" -   Defendant National Financial Systems, Inc.'s Original Answer to Plaintiffs'
                Original Petition

Exhibit "C" -   State Court Docket Sheet

NO. 2003-08-4327-C

GLADYS E. ORTIZ and       §          IN THE DISTRICT COURT
MARIA MAGDALENA ORTIZ,      §
Plaintiffs,                  §
                              §
VS.                          §           197__ JUDICIAL DISTRICT
                              §
NATIONAL FINANCIAL SYSTEMS, INC.,   §
Defendant                §     CAMERON COUNTY, TEXAS

FILED ___ O'CLOCK __
AURORA DE LA GARZA, CLERK
AUG 2 8 2003
DISTRICT COURT OF CAMERON COUNTY, TEX
___ DEPUTY

PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Gladys E. Ortiz and Maria Magdalena Ortiz, Plaintiffs, hereby file this Original Petition complaining of National Financial Systems, Inc., Defendant, and as cause therefor would respectfully show the following:

## DISCOVERY LEVEL

1.      This suit is subject to Level 2 of Tex. R. Civ. P. 190.

## SERVICE

Plaintiffs may be contacted through their undersigned attorneys of record. Defendant National Financial Systems, Inc. is a New York corporation that may be served by serving its President, Robert H. Hernandez at 6851 Jericho Turnpike, Syosset, New York 11791-9017.

## JURISDICTION AND VENUE

2.      Venue in this case is proper in Cameron County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.002. The above-named Court has subject matter jurisdiction under both Texas law and 15 U.S.C. § 1692k. The Court has in personam jurisdiction over Defendant pursuant

1

EXHIBIT
A

to Tex. Civ. Prac. & Rem. Code Ann. § 17.042 because Defendant is a non-resident of Texas that has engaged in tortious acts in this state.

## FACTS

3.    Whenever in this petition it is alleged that Defendant did or was told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives did or were told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

4.    Plaintiff Gladys Ortiz is a college student who lives at home with her mother, Plaintiff Maria Ortiz. Defendant has attempted to collect from Gladys Ortiz a debt allegedly due to Citibank South Dakota, N.A. That alleged obligation is a consumer debt as defined in 15 U.S.C. § 1692a and Tex. Fin. Code Ann. § 392.001. Various employees of Defendant have contacted Plaintiffs at their home on numerous occasions for the purpose of attempting to collect the alleged debt.

5.    Defendant has caused a telephone to ring, or has engaged Plaintiff and Plaintiff's mother and sister in telephone conversations, repeatedly or continuously, with the intent to annoy, abuse, or harass the persons at the called number. Plaintiffs estimate they have been called in excess of fifty times, sometimes two or three times per day. Plaintiffs have repeatedly told Defendant's employees to stop calling them, but those requests have been ignored.

6.    During a number of the aforesaid calls, Defendant's agents or employees have told Plaintiff Gladys Ortiz that they know she is a college student and that if she does not pay the alleged debt, her bad credit will prevent her from getting student loans and will cause her to be thrown out

2

of school. During one call Defendant's agent or employee told her that he would make sure that her school knew that she had bad credit and that he would call the school and tell it that Plaintiff had stolen the credit card that gave rise to the alleged debt. In fact, at the time of such threats Defendant knew those allegations to be untrue. On other occasions, Defendant's agents or representatives called Plaintiff a deadbeat.

7.    On numerous occasions, in connection with the collection of debts, Defendant has communicated with Gladys Ortiz, Plaintiff Maria Ortiz, and Plaintiff Gladys Ortiz's sister at times or places that Defendant knew or should have known to be inconvenient to the Ortiz family, including at times before 8:00 AM and after 9:00 PM local time at the Ortiz home. Some of the telephone calls were at 6:00 am in the morning or after 10 pm. Defendant has also called repeatedly on Saturday and Sunday and sometimes calls several times in the same day.

8.    On two occasions, in connection with the collection of the alleged consumer debt, Defendant has communicated with Gladys Ortiz at her place of employment. Defendant's communications with Gladys Ortiz's employer exceeded the scope of the communications permitted by 15 U.S.C. §§ 1692b and 1692c.

9.    In fact, Defendant has made numerous impermissible third-party contacts regarding Gladys' alleged debt. In particular, conversations with both Maria Magdalena Ortiz and Gladys' sister, Jasmine. On one occasion, Defendant's agent or employee told Maria Magdalena Ortiz that he was going to call Immigration and have her deported if her daughter refused to pay the alleged debt to Citibank. Mrs. Ortiz speaks very little English, and was she was terrified by that threat. On another occasion, Defendant told Mrs. Ortiz that it was going to file criminal charges against her daughter and have her arrested within forty-eight hours because she had stolen the credit card.

3

These conversations resulted in Mrs. Maria Magdalena Ortiz experiencing panic and worry about the well-being of her daughter because she is unable to help pay the debt. She now has trouble sleeping and is worried her daughter will be charged with a crime. Mrs. Ortiz is diabetic and is recovering from breast cancer.

       10.    Defendant has also called Gladys Ortiz's sister Jasmine on multiple occasions. In those conversations Defendant's agents or employees told Jasmine that they were going to file criminal charges against Gladys and have Gladys arrested.

       11.    Defendant has also failed to inform Gladys Ortiz in writing that she may stop it from further contacting her about the debt. Defendant was required to provide such notice pursuant to a consent order entered in the United States District Court for the Eastern District of New York in a case styled *United States of America v National Financial Systems, Inc.* Most of the other wrongful conduct described above also violates that consent decree.

       12.    Defendant's conduct has been a producing and proximate cause of actual and consequential damages to Plaintiffs in an amount within the jurisdiction of the Court.

## TEXAS DEBT COLLECTION ACT

       13.    Plaintiff Gladys Ortiz, who is a "consumer" as defined in Tex. Fin. Code Ann. § 392.001(1), would show that the alleged obligation that Defendant has attempted to collect is a "debt" as defined in Tex. Fin. Code Ann. § 392.001(2), and that Defendant is a "debt collector" as defined in Tex. Fin. Code Ann. § 392.001(6) and a "third-party debt collector" as defined in Tex. Fin. Code Ann. § 392.001(7). Defendant's conduct has violated the Texas Debt Collection Act in the following respects:

       14.    Defendant has attempted to collect a debt by threats or coercion by

a.  accusing Plaintiffs falsely and threatening to accuse Plaintiffs falsely of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2);

b.  threatening to file a charge, complaint, or criminal action against Plaintiff Gladys Ortiz when she has not violated a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6);

c.  threatening to take an action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

15.  Defendant has attempted to collect a debt through oppression, harassment, or abuse by:

a.  using language intended to abuse unreasonably the hearer or reader, in violation of Tex. Fin. Code Ann. § 392.302(1); and

b.  causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, in violation of Tex. Fin. Code Ann. § 392.302(4).

16.  Defendant has attempted to collect a debt through fraudulent, deceptive, or misleading representations by:

a.  misrepresenting the character, extent, or amount of a consumer debt, in violation of Tex. Fin. Code Ann. § 392.304(a)(8); and

b.  representing falsely that Defendant is vouched for or affiliated with the State of Texas or an agency of federal, state, or local government, in violation of Tex. Fin. Code Ann. § 392.304(a)(9);

17.  The aforesaid unfair debt collection practices have been a producing and proximate

cause of Plaintiffs' damages. Pursuant to Tex. Fin. Code Ann. § 392.403, Plaintiffs are entitled to recover the actual damages caused by such practices, attorney's fees reasonably related to the amount of work expended in this case, and costs. As Defendant's actions were willful, wanton, and malicious, and committed with conscious indifference and reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to recover exemplary damages an amount to be set by the trier of fact.

## DECEPTIVE TRADE PRACTICES

18.    Pursuant to Tex. Fin. Code Ann. § 392.404, Defendant's violations of the Texas Debt Collection Act are also actionable under the DTPA. Therefore, pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(3), Plaintiffs are entitled to restoration of all sums obtained by Defendant through the use of the aforesaid TDCA violations.

## PERMANENT INJUNCTIVE RELIEF

19.    Acting as a private attorney general pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(2) and Tex. Fin. Code Ann. § 392.403(a)(1), Plaintiffs are entitled to a permanent injunction, prohibiting Defendant from ever again making the types of threats described above. Plaintiffs assert that monetary damages will not fully compensate the distress cause by such conduct, and that injunctive relief is necessary. Furthermore, Defendant's violation of the New York consent decree demonstrate the need for a permanent injunction in Texas.

## FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff Gladys Ortiz is a "consumer" as defined in 15 U.S.C. § 1692a(3), would show that the alleged obligation that Defendant has attempted to collect is a "debt" as defined in 15 U.S.C. § 1692a(5), and Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Plaintiff Maria Magdalena Ortiz is a person who has come in contact with Defendant's unlawful debt

5

collection practices and suffered damages as a result. Defendant's conduct has violated the Fair Debt Collection Practices Act in the following respects:

21.    Defendant engaged in unlawful communications by:

   a.    communicating with Plaintiffs at a time or place known or which should have been known to be inconvenient to Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1);

   b.    communicating with Plaintiff Gladys Ortiz at her place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiffs from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3); and

   c.    communicating regarding the alleged debt with Maria Magdalena Ortiz and Jasmine Ortiz without the prior consent of Plaintiff Gladys Ortiz, without the express permission of a court of competent jurisdiction, and other than as reasonably necessary to effectuate a postjudgment judicial remedy, in violation of 15 U.S.C. § 1692c(b).

22.    Defendant engaged in "harassment" or "abuse" of Plaintiffs by:

   a.    using language the natural consequence of which was to abuse the hearer, in violation of 15 U.S.C. § 1692d(2); and

   b.    causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5).

23.    Defendant engaged in false, deceptive, or misleading representation or means in

7

connection with the collection of a debt by:

a. using language the natural consequence of which was to abuse the hearer, in violation of 15 U.S.C. § 1692d(2); and falsely representing or implying that nonpayment of a debt would result in the arrest or imprisonment of a person when such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

b. threatening to take an action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

c. falsely representing or implying that a sale, referral, or other transfer of any interest in a debt would cause Plaintiffs to become subject to a practice prohibited by FDCPA, in violation of 15 U.S.C. § 1692e(6);

d. falsely representing or implying that Plaintiffs committed crimes or other conduct in order to disgrace Plaintiffs, in violation of 15 U.S.C. § 1692e(7); and

e. using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

24. The aforesaid unfair debt collection practices have been a producing and proximate cause of Plaintiffs' damages. Pursuant to 15 U.S.C. § 1692k(a), Plaintiffs are entitled to recover actual damages, additional damages of up to $1,000.00 each, reasonable attorney's fees, and costs.

## ATTORNEY'S FEES

25. In the event that Plaintiffs prevail on any of the above-stated legal theories, they are

entitled to recover reasonable and necessary attorney's fees through trial and any subsequent appeals.

## UNREASONABLE DEBT COLLECTION PRACTICES

26.   In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendant's conduct as described above constituted a campaign of unreasonable debt collection practices that proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

## INTENTIONAL INFLICTION OF MENTAL ANGUISH

27.   In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendant's conduct as described above constituted the intentional infliction of mental anguish damages for which the law of Texas allows recovery. Defendant's conduct proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

## INVASION OF PRIVACY

28.   In the alternative, and without waiving the foregoing, Plaintiffs assert that Defendant's conduct unlawfully invaded the personal privacy of Plaintiffs and proximately caused Plaintiffs actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiffs are entitled to recover exemplary damages in an amount to be set by the trier of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited to

9

appear and answer and that upon final hearing hereof, they be granted judgment for actual, consequential, and exemplary damages, interest, attorney's fees, costs of court, and permanent injunctive relief. Plaintiffs further prays for all such other and further relief, at law or in equity, as to which he may be justly entitled.

Respectfully submitted,

_Manuel Newburger_

Manuel H. Newburger
State Bar No. 14946500
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701-1837
(512) 476-9103
Fax: (512) 476-9253

_Dan Whitworth_

Dan Whitworth
State Bar No. 24008275
John Ventura
State Bar No. 20545700
Law Offices of John Ventura, P.C.
62 East Price Road
Brownsville, Texas 78521
956-546-9398
(800) 424-0352
Fax: (956) 542-1478

ATTORNEYS FOR PLAINTIFFS

10

NO.: 2003-08-4327-C

| | | |
|---|---|---|
| GLADYS E. ORTIZ and | § | IN THE DISTRICT COURT |
| MARIA MAGDALENA ORTIZ | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| NATIONAL FINANCIAL SYSTEMS, INC. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT NATIONAL FINANCIAL SYSTEMS, INC.'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant National Financial Systems, Inc. ("National") files this Original Answer to Plaintiffs' Original Petition as follows:

1.      National denies each and every, all and singular, under Rule 92 of the Texas Rules of Civil Procedure, each and every allegation contained in the said petition, and demands strict proof thereof.

2.      National specifically reserves the right to amend this Answer, as is its right under the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, **NATIONAL FINANCIAL SYSTEMS, INC.**, prays that Plaintiffs take nothing by this lawsuit, and that Defendant be allowed to go hence without delay and recover all of its costs and attorneys fees, and such other and further relief, both special and general, at law or in equity, to which it may show itself justly entitled.



Respectfully submitted,

DAW & RAY
A Professional Corporation

By:_____

      Keith Wier; SBN: 21436100
      Mark L. Lester; SBN: 24027447
      Coastal Banc Plaza
      5718 Westheimer, Suite 1750
      Houston, Texas 77057
      (713) 266-3121 Telephone
      (713) 266-3188 Facsimile

**ATTORNEYS FOR DEFENDANT, NATIONAL
FINANCIAL SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via facsimile, and/or by certified mail, return receipt requested on this the 24th day of September, 2003 as follows:

Manuel H. Newburger
BARRON & NEWBURGER, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701-1938

Dan Whitworth
John Ventura
LAW OFFICES OF JOHN VENTURA, P.C.
62 East Price Road
Brownsville, Texas 78521

_____
Keith Wier/Mark L. Lester

E:\206\123\Pleadings\DOA.wpd              2

RUN DATE 10/01/03
RUN TIME 4:23 PM

2003-08-004327-C    08    28    03

GLADYS E. ORTIZ
VS
NATIONAL FINANCIAL SYSTEMS, INC.

* * * CLERK'S ENTRIES * * *

(05)    DECEPTIVE TRADE PRACTICES

00255871
DANIEL WHITWORTH
62 E. PRICE ROAD
BROWNSVILLE, TX.
78520 0000

08/28/03  ORIGINAL PETITION FILED
08/28/03  REQUESTS FOR DISCLOSURE, REQUESTS FOR
          INTERROGATORIES & REQUESTS FOR
          PRODUCTION TO DEFENDANT
08/28/03  CITATION (CM): NATIONAL FINANCIAL    FILED: 09/15/03
08/29/03  SYSTEMS, INC.
08/29/03  SERVED: 09/08/03


EXHIBIT
C