IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| GLADYS ORTIZ and | § | |
| MAGDALENA ORTIZ | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-03-178 |
| | § | |
| NATIONAL FINANCIAL SYSTEMS, INC | § | |
| Defendant. | § | |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN
## UNDER RULE 26(f)

COME NOW, GLADYS ORTIZ and MAGDALENA ORTIZ, Plaintiffs, and NATIONAL FINANCIAL SYSTEMS, INC., Defendants, and file this Joint Discovery/Case Management Plan Under Rule 26(f), and state the following:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **The meeting was conducted telephonically on January 5, 2004. Manuel H. Newburger, counsel of record for Plaintiffs appeared on their behalf. Keith Wier, counsel of record for National Financial Systems, Inc., was present for Defendant.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None are pending. This case was removed from 197th Judicial District Court of Cameron County, Texas.**

3. Specify the allegation of federal jurisdiction.

    **This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because Plaintiffs have sued under a federal statute (the FDCPA) and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.**

4. Briefly describe what the case is about.

> **Plaintiffs complain that the Defendant's conduct in wrongfully collecting on a debt was the cause of actual damages to the plaintiffs. Plaintiffs complain that the Defendant violated the Fair Debt Collection Practices Ace, the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, committed unreasonable debt collection practices, and said debt collection practices constitute intentional infliction of mental anguish and invasion of privacy. Plaintiffs seek actual and exemplary damages, attorney's fees, and permanent injunctive relief under the Texas Financial Code.**
>
> **Defendant denies Plaintiffs' allegations and contends that Defendant is not liable to Plaintiffs under any theories and that Plaintiffs' damages, if any, were not caused by the actions of Defendant.**

5. Name the parties who disagree and the reasons.

> **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

> **No additional parties are presently known.**

7. List anticipated interventions.

> **None known.**

8. Describe class-action issues.

> **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

> **The parties have agreed to make their initial Rule 26 disclosures within 30 days after the meeting of the parties described in paragraph 1 above.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    > **The parties will make Rule 26 disclosures within 30 days of the initial meeting of the parties that occurred on January 5, 2004. After disclosures, the parties anticipate conducting written discovery and taking depositions regarding the Plaintiffs' causes of action and alleged damages, as well as the Defendant's affirmative defenses.**

B.  When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiffs served interrogatories on the Defendant together with Plaintiffs' Original Petition prior to removal to this court. Defendant has agreed to respond to that written discovery within 60 days of January 5, 2004.**

C.  When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates sending interrogatories to each Plaintiff within the next 30 days.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs anticipate taking the depositions of presently unknown employees and/or representatives of Defendant, National Financial Systems, Inc., as well as any other persons who are not parties to this action but who are disclosed in the discovery process. Plaintiffs plan on taking depositions after receiving Defendant's responses to interrogatories and requests for production. Plaintiffs plan on completing Depositions by July 31, 2004, except for those of expert witnesses. Plaintiffs anticipate completing the depositions of expert witnesses within 60 days of receiving expert reports.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates taking the deposition of each Plaintiff after receiving their responses to interrogatories and documents produced by Plaintiffs. If deemed necessary, Defendant may take the deposition(s) of any disclosed persons who are non-parties to this action. Defendant plans on competing depositions by July 31, 2004, except for experts. Defendant anticipates completing depositions of expert witnesses within 60 days of receiving expert reports.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs will be able to designate experts and expert reports on or**

report).

> **Plaintiffs anticipate taking the depositions of Defendant's expert witnesses within 60 days of receiving expert reports.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> **Defendant anticipates taking the deposition of Plaintiff's expert witnesses within 60 days of receiving their expert reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

> **Parties are agreed on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

> **Plaintiffs served Defendant with Requests for Disclosures, Interrogatories and Requests for Production in the original state court action. Defendants will respond by March 5, 2004.**

13. State the date the planned discovery can reasonably be completed.

> **October 30, 2004**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

> **The parties discussed informally the possibility of a prompt settlement. However, due to the contested nature of the damages, the parties were unable to settle at this time. Counsel for the parties have committed to maintaining an open dialogue.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

> **The parties have agreed to conduct both written discovery and depositions of parties after which, they will submit to non-binding mediation. The parties have concluded that this approach is the least expensive way to have a reasonable for a successful mediation. Without first undertaking this minimum discovery, the parties would not have the information needed to mediate. The parties will again discuss settlement once initial disclosures have been completed, but it is anticipated that party depositions will be needed to conduct an effective mediation.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively

used in this case.

> **Mediation is a reasonable alternative dispute resolution technique which may be effectively used after the completion of written discovery, and after the taking of party depositions, and after rulings on any dispositive motions.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The Plaintiffs and Defendant agree that they prefer the case be tried by the District Court.**

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiffs demanded a jury trial in their original petition.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The parties estimate 24-28 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff(s):**

By: _/s/ Manuel Newburger_
Manuel H. Newburger
State Bar No. 14946500
Barron & Newburger, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78702-1837
Tel. (512) 476-9103
Fax. (512) 476-9253

By: _____
Daniel P. Whitworth
Texas Bar No. 24008275
Federal ID No. 23119
The Law Offices of John Ventura
62 E.Price Rd.
Brownsville Texas 78521
Tel. (956) 546-9398
Fax. (956) 542-1478

**Counsel for Defendant(s):**

By: _____
Keith Wier
Texas Bar No. 21436100
Mark Lester
Texas Bar No. 24027447
Daw & Ray, P.C.
Coastal Bank Plaza
5718 Westheimer, Suite 1750
Houston, Texas 77057
Tel. (713) 266-3021

By: _____
    Daniel P. Whitworth
    Texas Bar No. 24008275
    Federal ID No. 23119
    The Law Offices of John Ventura
    62 E.Price Rd.
    Brownsville Texas 78521
    Tel. (956) 546-9398
    Fax. (956) 542-1478

Counsel for Defendant(s):

By: _____
    Keith Wier
    Texas Bar No. 21436100
    Mark Lester
    Texas Bar No. 24027447
    Daw & Ray, P.C.
    Coastal Bank Plaza
    5718 Westheimer, Suite 1750
    Houston, Texas 77057
    Tel. (713) 266-3021